NOT DESIGNATED FOR PUBLICATION

No. 123,609

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MITCHELL R. ELLIOTT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Clay District Court; JOHN F. BOSCH, judge. Opinion filed April 15, 2022. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Joel P. Mason*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON and WARNER, JJ.

PER CURIAM: A jury sitting in Clay County District Court convicted Defendant Mitchell R. Elliott of felony fleeing or attempting to elude a police officer, a serious traffic offense criminalized in K.S.A. 8-1568(b). On appeal, Elliott contends the district court erred in failing to instruct the jurors on a statutory affirmative defense that he reasonably believed he was not being pursued by a police vehicle. But the statutory defense is available only to defendants charged with acts constituting a misdemeanor violation of K.S.A. 2020 Supp. 8-1568(a)(1), so the instruction would have been legally inappropriate had Elliott requested it. A district court commits no error in failing to give an inappropriate jury instruction. We, therefore, affirm Elliott's conviction and his resulting sentence.

1

Given the narrow issue on appeal, we dispense with an extended narrative of the case history. The State charged Elliott with a felony violation of K.S.A. 8-1568(b) arising from an incident on May 16, 2019, when he refused to stop his SUV after a police pickup with official markings and a light bar on top pursued him with its emergency lights and siren engaged. A police cruiser eventually joined in the chase. Elliott outraced the officers, and they discontinued the pursuit. In connection with another investigation, law enforcement officers interviewed an acquaintance of Elliott's who told them she was a passenger in the SUV during the May 16 chase.

The jury heard evidence in the case in November 2020 and found Elliott guilty of the charged felony violation of K.S.A. 8-1568(b)(1)(C). Elliott did not testify, but the passenger did. She put Elliott in the driver's seat of the SUV during the May 2019 chase. She also told the jurors she did not recognize the pursuing truck or car as police vehicles and heard no sirens because the radio was very loud. The officers involved in the pursuit testified during the trial, and the jurors reviewed a police video of part of the chase. The jury also convicted Elliott of four misdemeanors he has not challenged.

For purposes of this appeal, Elliott does not dispute he was driving the SUV and drove recklessly during the pursuit—a predicate for the felony conviction under K.S.A. 8-1568(b)(1)(C). See K.S.A. 2020 Supp. 8-1568(b)(1)(C). For his sole issue, Elliott contends the district court should have instructed the jurors on an affirmative defense outlined in K.S.A. 2020 Supp. 8-1568(a)(3)—the subsection applicable to misdemeanor violations of the statute. Elliott did not request such an instruction from the district court and claims error for the first time on appeal.

To place the argument in context, we recite (at some length) pertinent portions of K.S.A. 2020 Supp. 8-1568:

"(a)(1) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop for a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty as provided by subsection (c)(1).

(2) Any driver of a motor vehicle who willfully otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty as provided by subsection (c)(1).

(3) It shall be an affirmative defense to any prosecution under subsection (a)(1) that the driver's conduct in violation of such paragraph was caused by such driver's reasonable belief that the vehicle or bicycle pursuing such driver's vehicle is not a police vehicle or police bicycle.

"(b) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, and who: (1) Commits any of the following during a police pursuit: (A) Fails to stop for a police road block; (B) drives around tire deflating devices placed by a police officer; (C) engages in reckless driving as defined by K.S.A. 8-1566, and amendments thereto; (D) is involved in any motor vehicle accident or intentionally causes damage to property; or (E) commits five or more moving violations; or

(2) is attempting to elude capture for the commission of any felony, shall be guilty as provided in subsection (c)(2).

. . . .

"(d) The signal given by the police officer may be by hand, voice, emergency light or siren:

(1) If the officer giving such signal is within or upon an official police vehicle or police bicycle at the time the signal is given, the vehicle or bicycle shall be appropriately marked showing it to be an official police vehicle or police bicycle; or

(2) if the officer giving such signal is not utilizing an official police vehicle or police bicycle at the time the signal is given, the officer shall be in uniform, prominently displaying such officer's badge of office at the time the signal is given.

"(e) For the purpose of this section:

. . . .

(2) 'Appropriately marked' official police vehicle or police bicycle shall include, but not be limited to, any police vehicle or bicycle equipped with functional emergency

3

> lights or siren or both and which the emergency lights or siren or both have been activated for the purpose of signaling a driver to stop a motor vehicle."

The Legislature amended K.S.A. 2020 Supp. 8-1568 after Elliott's trial. The amended version doesn't apply and wouldn't affect the result here even if it did.

As we have indicated, Elliott was charged with and convicted of fleeing or attempting to elude under K.S.A. 2020 Supp. 8-1568(b)(1)(C)—defining a felony violation of the statute. On appeal, he complains that the district court should have formally instructed the jury on the affirmative defense described in K.S.A. 2020 Supp. 8-1568(a)(3). But the affirmative defense by its own terms applies only to charges under K.S.A. 2020 Supp. 8-1568(a)(1)—defining the misdemeanor violation of the statute.

We engage a sequential inquiry to assess a claimed instructional error and consider: (1) reviewability entailing preservation of the issue at trial and jurisdiction; (2) the legal appropriateness of the instruction; (3) the factual support in the evidence for the instruction; and (4) the harmlessness of any actual error. *State v. Craig*, 311 Kan. 456, 464, 462 P.3d 173 (2020); *State v. Plummer*, 295 Kan. 156, Syl. ¶ 1, 283 P.3d 202 (2012). As to the first analytical step, Elliott did not preserve his point in the district court, since he didn't ask for an instruction on the statutory affirmative defense. With an omitted instruction that was never requested, the omission does not preclude appellate review. But we will afford relief only if the instruction's absence amounts to clear error. K.S.A. 2020 Supp. 22-3414(3); *State v. Harris*, 310 Kan. 1026, 1034-35, 453 P.3d 1172 (2019). Elliott's claim fails on the second step—the affirmative defense instruction he contends should have been given doesn't apply to the crime the jury considered. The instruction, therefore, would not have been legally appropriate if had it been requested. The district court properly could have and should have declined to give the instruction for that reason.

4

There is no error in failing to give a legally inappropriate jury instruction. See *State v. Broxton*, 311 Kan. 357, 363, 461 P.3d 54 (2020) ("If an instruction is not legally appropriate the analysis ends there."); *State v. Hernandez*, No. 121,261, 2020 WL 4556760, at *4 (Kan. App. 2020) (unpublished opinion); *State v. Pinkston*, No. 118,483, 2018 WL 6424988, at *4 (Kan. App. 2018) (unpublished opinion). We need not consider the remaining steps in the framework for assessing instructional error. In short, that concludes the matter and disposes of Elliott's appeal adversely to him.

Affirmed.